¶ 33 I must respectfully dissent from the opinion of the majority and would reverse.
 {¶ 34} In its Findings of Fact, the trial court found the minor child knows her mother and receives some comfort from her. The court further found the mother does not interact much with the child during visits, according to the guardian ad litem. The guardian ad litem did not testify at the evidentiary hearing. Instead, Pat Johnson testified that there is bonding between the mother and the minor child, that the mother provides some comfort to the child and that the mother only missed one scheduled visitation with the minor child as the result of a babysitting obligation. As such, I do not agree with the trial court's conclusion that the evidence demonstrates that the minor child "is not strongly bonded to any biological parent."
 {¶ 35} The court also concluded from the evidentiary hearing that "extending temporary custody of Destiny Wilcoxen to allow the parents to work on their case plan is not in the child's best interests." Again, I disagree. The record and evidence before the trial court demonstrated that the mother completed her required Quest evaluation and submitted to urinalysis. Although the mother tested positive for cocaine use on November 6, 2002, all three subsequent tests proved negative. While there is some evidence that the mother did sign up to enter a house drug treatment program, she failed to appear for said program. However, the fact that the mother was testing negative for drug use mitigates her failure to attend.
 {¶ 36} The evidence also demonstrated that the mother completed the psychological evaluation requirement of the case plan. The mother attended some counseling, but terminated her involvement with such counseling after the minor child was returned to her home. Based on this evidence, I cannot agree with the trial court's conclusion that extending temporary custody of Destiny Wilcoxen to allow the mother to work on her case plan is not in the child's best interest.
 {¶ 37} As stated above, the Department reunited the minor child and her mother in July of 2002. According to Ms. Johnson's testimony, the Department regained temporary custody of the minor child based upon the hearsay complaint of the paternal grandmother that the "mother was sitting in a Malvern bar and would not come to get the child." No admissible evidence was presented to substantiate this claim.
 {¶ 38} On the state of this record, I would sustain both of the mother's Assignments of Error. The judgment granting permanent custody of the minor child to the Department was against the manifest weight of the evidence.